UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **Ricardo Daniel Castronuovo,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:10-cv-0428 |
| | ) | |
| v. | ) | **Judge Sharp** |
| | ) | **Magistrate Judge Griffin** |
| **Sony Music Entertainment;** | ) | |
| **Sony Music Entertainment US Latin LLC;** | ) | |
| **the Estate of Juan Fernando Silvetti** | ) | |
| **a/k/a "Bebu" Silvetti; Bebu Music** | ) | |
| **Publishing; Bebu Music Productions, Inc.;** | ) | |
| **Jose Luis Rodriquez Gonzalez;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Defendants Sony Music Entertainment and Sony Music Entertainment US Latin LLC (collectively, the "Sony Defendants") filed a motion for partial summary judgment (Docket Entry No. 64), to which Plaintiff Ricardo Daniel Castronuovo filed a response in opposition (Docket Entry No. 68), and Defendants filed a reply (Docket Entry No. 71).

## I. FACTUAL BACKGROUND

Plaintiff has been a professional musician, composer and songwriter for over thirty years.[1] Plaintiff claims to have authored "Quien lo ve hoy" and "Neustro Arbol" (collectively "Plaintiff's Compositions") in 1978 and 1981, respectively. In 1992, Plaintiff had a mutual friend, Eduardo Menduina ("Menduina"), deliver a demo tape containing recordings of the Compositions to Juan Fernando Silvetti ("Silvetti"), an Argentine music producer living in Los

---

[1] Unless otherwise noted, the facts are drawn from the parties' statements of material facts (Docket Entry Nos. 69 and 72) and related exhibits. Although facts are drawn from submissions made by both parties, on a motion for summary judgment, all inferences are drawn in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

1

Angeles.[2] (Docket Entry No. 68-2, Pl. Dep. 69-71). Prior to the delivery of the demo tape, Plaintiff had met Silvetti, who offered to help him with his career and invited him to send over some of his songs. After Menduina delivered the demo tape to Silvetti, Plaintiff hoped Silvetti would call to say he was interested in recording one of the songs. When Plaintiff heard nothing, he "just waited for him to call." (*Id.* at 71). Plaintiff would sometimes question Menduina about the status, but Menduina would respond by saying, "I don't know." (*Id.* at 91).

"Amigo Amor" was originally released in 1993 and was copyrighted with the U.S. Copyright Office on June 29, 1993. These facts were learned by Plaintiff through investigation after he first heard "Amigo Amor" on Apirl 30 or May 1 or 2, 2007. (Pl. Dep. 21-22, 30-31, 51, 81, 84 and 87). It is unknown whether or not, or how often, "Amigo Amor" was broadcast in Argentina (Plaintiff's place of residence) over the radio or television prior to April 30 or May 1 or 2, 2007. Plaintiff registered a copyright in each of the Compositions with the U.S. Copyright Office in January 2010.

Plaintiff filed his initial Complaint on April 30, 2010. In the initial Complaint, Plaintiff alleged that the Sony Defendants infringed Plaintiff's copyrights in "Quien lo ve hoy" and "Nuestro Arbol" through the Sony Defendants' exploitation of the work "Amigo Amor." Plaintiff subsequently filed a First Amended Complaint on June 30, 2010. According to the Amended Complaint, "[s]ince at least as early as 1993, Defendants infringed, and are continuing to infringe upon Plaintiff's copyright in the compositions of "Quien lo ve hoy" and "Nuestro Arbol," including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of the musical compositions "Quien lo ve hoy" and "Nuestro Arbol," in the composition and sound recording of "Amigo Amor" and any

---

[2] Silvetti is now deceased.

derivatives thereof, and causing same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, ringtones, and otherwise, including in the Middle District of Tennessee and elsewhere around the world." (Docket Entry No. 30 at ¶ 29).

## II.  **STANDARD OF REVIEW**

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable

inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. ANALYSIS

Plaintiff seeks damages and injunctive relief against Defendants under Sections 501 through 505 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Plaintiff alleges that the song "Amigo Amor," and Defendants' various actions with regard to "Amigo Amor," infringed upon Plaintiff's copyright in his compositions "Quien lo ve hoy" and "Nuestro Arbol."

Defendants have moved for partial summary judgment on all claims for copyright infringement prior to April 30, 2007, contending "[t]he three-year statute of limitations applicable to copyright-infringement claims bars claims for all sales made more than three years prior to Plaintiff's filing this lawsuit on April 30, 2010." (Docket Entry No. 65 at 1).

The Copyright Act's statute of limitations, 17 U.S.C. § 507(b), provides that "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." A claim for copyright infringement can accrue more than once because each infringement is a distinct harm. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 390 (6th Cir. 2007). Each new infringing act causes a new three-year statutory period to begin. *Id.* A cause of action accrues when a plaintiff knows of the infringement or is chargeable with such knowledge. *Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 621 (6th Cir. 2004). Because each act of infringement is a distinct harm, however, the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but it does not preclude infringement claims that accrued within the statutory period. *Mawdsley v. Kirkland's, Inc.*, 2013 WL 3974504 (M.D. Tenn. Aug. 1, 2013) (citing *Bridgeport Music, Inc.*, 376 F.3d at 621).

4

Defendants are not arguing that Plaintiff's claims concerning infringement, which occurred within three years before Plaintiff filed its original complaint, are untimely. Defendants have admitted, for purposes of the pending motion, that Plaintiff's suit is timely. (Docket Entry Nos. 72 at ¶ 1 and 89 at 3, fn 1).[3] Rather, the issue before the Court is whether Plaintiff should be limited to recovering only those damages he suffered in the three years prior to filing suit, or whether he can reach back beyond the three-year period preceding the lawsuit because he allegedly was unaware of the infringing conduct at that time.

Citing *Goldman v. Healthcare Mgmt. Systems, Inc.*, 2008 WL 2559030 (W.D. Mich. June 19, 2008)[4], Defendants argue,

> Even where a plaintiff files within three years of discovering the alleged infringement, that plaintiff's relief will be limited to actual damages and profits attributable to the infringement during the three years immediately prior to the lawsuit. . . In *Goldman*, the only case in the Sixth Circuit deciding this precise issue, the court limited the plaintiff's recovery to three years prior to his filing the lawsuit. Goldman filed his complaint within one year of discovering alleged infringements that had occurred more than three years prior. *Id.* at *3. Goldman's lawsuit was timely in that he filed within three years after he discovered the infringement. *Id.*

(Docket Entry No. 65 at 4).[5] In further support of their position, Defendants directs the Court once more to *Goldman*,

---

[3] Plaintiff claims he first became aware of Defendants' actions "on April 30 or May 1 or 2, 2007." Therefore, Plaintiff timely filed his complaint on April 30, 2010, within three years of his notice of the infringements.

[4] This was an opinion and order denying the plaintiff's motion for reconsideration of an order excluding evidence of damages. Plaintiff asserted the Court erred when interpreting the Sixth Circuit Court of Appeals approach to 17 U.S.C. § 507(b), the statute of limitation for the Copyright Act. The court held that the plaintiff "ha[d] not demonstrated [the court] reached an erroneous conclusion which require[d] correction." *Goldman*, 2008 WL 2559030 at *4.

[5] Citing *Goldman*, Defendants claim Plaintiff was "clearly not vigilant about protecting his rights." (Docket Entry No. 65 at 6). Defendants assert that "Plaintiff failed to police – or even make an effort to police - the marketplace with respect to [his] Compositions." (*Id.*). Plaintiff counters "whether this is the case is a question of fact, and the jury will have to decide whether the plaintiff "reasonably should have known" of any infringement [] more than three years before he filed the suit." (Docket Entry No. 68 at 2-

5

> *[Goldman]* notes expressly that the Sixth Circuit's approach as to when the limitations period is triggered "has been remarkably consistent over the years," and that "where a plaintiff knew of an infringement more than three years before filing suit," the action is barred. 2008 WL 2559030, at *2 (emphasis added) (citing *Hoste v. Radio Corp. of America*, 654 F.2d 11, 11 (6th Cir. 1981); and then citing *Roger Miller Music, Inc. v. Sony/ATC Publ'g, LLC*, 477 F.3d 883, 889 (6th Cir. 2007); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004); *Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004)).

(Docket Entry No. 89 at 3). In *Hoste*, *Bridgeport I*, *Bridgeport II*, and *Roger Miller*, the Sixth Circuit has precluded claims for copyright infringement, of which the plaintiff was aware that occurred more than three years prior to the filing of the plaintiff's complaint. That is not the situation here. Unlike those plaintiffs, Plaintiff Castronuovo first learned of the alleged infringement only three years prior to the filing of his Complaint, and this is not disputed for purposes of the present motion.

Plaintiff counters Defendants' position regarding *Goldman* by submitting to the Court the decision of *Design Basics, LLC v. Roersma & Wurn Builders, Inc.*, Case No. 1:10-CV-696 (Docket Entry No. 152) (W.D. Mich. May 18, 2012), "because the District Court in that case expressly rejected the reasoning of *[Goldman]*, which is the sole authority on which the Sony Defendants' motion relies. Notably, the *Roersma* decision came from the <u>same District Court</u> that entered the 2008 *Goldman* decision." (Docket Entry No. 90 at 1) (emphasis in original). Plaintiff also relies on *Design Basics, LLC v. Deshano Companies, Inc.*, 2012 WL 4321313 (E.D. Mich. Sept. 21, 2012), "because it addressed both the *Goldman* decision on which the defense motion rests, as well as the *Roersma* decision that rejected *Goldman*."

---

3). Defendants have conceded for purposes of this motion that "Plaintiff had no knowledge or reason to know of the Defendants' infringement of his Compositions prior to the date he first heard "Amigo Amor" on the radio on April 30 or May 1 or 2, 2007." *See* (Docket Entry No. 72 at ¶ 1). Consequently, the issue of "policing" will not be decided by the Court at this juncture.

6

Case 3:10-cv-00428 Document 97 Filed 08/29/13 Page 6 of 9 PageID #: 698

Contrary to both Plaintiff and Defendants' propositions, these cases do not address the "identical issue" presented by motion before this Court: whether Plaintiff should be limited to recovering only those damages he suffered in the three years prior to filing suit, or whether he could reach back beyond the three-year period preceding the lawsuit because he allegedly was unaware of the infringing conduct at that time. Both *Roersma* and *Deshano* address whether the Sixth Circuit follows the discovery rule or the injury rule for copyright infringement claims as well as statute of limitations issues concerning whether a plaintiff knew about the infringement within the three years of filing the lawsuit. Neither is the issue presently before the Court. Defendants do not dispute that the Sixth Circuit applies the discovery rule in copyright infringement cases. *See* (Docket Entry No. 89 at 1).

Moreover, the discussion in *Goldman* was not in the context of a motion for partial summary judgment. Rather, it dealt with a *Daubert* report on an expert's proposed damages calculation. The *Goldman* court held,

> This Court is faced with a factual situation different from those cases before the Sixth Circuit because Plaintiff filed his complaint roughly one year after learning of an infringement. The factual difference should not result in a different outcome which would encourage delay in the filing of an action. Plaintiff here, like the plaintiffs in *Hoste* and *Roger Miller*, is limited to seeking damages for infringements which occurred during the three years prior to the date the complaint was filed.

2008 WL 2559030 at *3. Although closer in comparison, *Goldman* is still not squarely on point with the issue and motion pending before this Court. To the extent it is comparable, the Court respectfully disagrees with it.

The argument regarding damages posed by Defendants was addressed and rejected by the Ninth Circuit in *Polar Bear Productions, Inc. v. Timex Corp.* 384 F.3d 700, 706 (9th Cir. 2004).[6]

---

[6] Defendants argue that "*Goldman* expressly declined to follow *Polar Bear*, finding that the plain language of 17 U.S.C. § 507(b) does not dictate a different result merely because the plaintiff's suit was

7

In *Polar Bear*, the court held that the Copyright Act "permits damages occurring outside of the three-year window, so long as the copyright owner did not discover—and reasonably could not have discovered—the infringement before the commencing of the three-year limitation period." There, the plaintiff was allowed to recover damages for infringement that occurred outside the three-year window of filing its complaint, "[b]ecause [the plaintiff] did not discover [the defendant's] infringement until within three years of filing suit." *Id.* Without the benefit of tolling in this situation, a copyright plaintiff who, through no fault of its own, discovers an act of infringement more than three years after the infringement occurred would be out of luck. *Id.* at 706. The Court agrees with the Ninth Circuit's interpretation for damages occurring outside the three-year period preceding the suit. Furthermore, it coincides with the language in *Bridgeport Music, Inc.*, wherein the Sixth Circuit held a cause of action accrues "when a plaintiff knows of the infringement or is chargeable with such knowledge." 376 F.3d at 621.

---

filed within three years of his discovery of the infringing act. *Goldman*, 2008 WL 2559030, at *3." (Docket Entry No. 65 at 6). Likewise, Defendants contend, "this Court in *Bridgeport Music, Inc. v. Robert Hill Music*, 2006 WL 3720349 (M.D. Tenn. Dec. 14, 2006) specifically noted that *Polar Bear* is not the law in the Sixth Circuit. 2006 WL 3720349, at *4-5. Therefore, the Court further found, *Polar Bear* is not controlling. *Id.*" (*Id.*).

Although holding that *Polar Bear* was not controlling, the court in *Robert Hill Music* went on to say that the facts "in the instant matter are clearly distinguishable from those in *Polar Bear*." Furthermore, the court held,

> [I]n the present case, there can be no dispute that Bridgeport had notice that the composition [] was allegedly being infringed . . . prior to the limitations period, i.e., May 12, 2002. . . Upon it's [sic] discovery [of] the alleged infringement in 2001, Bridgeport should have exercised reasonable diligence to discover all products, then existing and those released after filing, containing this alleged infringement. Bridgeport clearly discovered the operative facts that served as the basis of it's [sic] copyright infringement cause of action prior to the limitations period.

2006 WL 3720349 at *5. In the present case, Plaintiff was allegedly unaware of the infringement prior to the three years preceding the filing of his suit. Therefore, the facts in *Robert Hill Music* are distinguishable from the facts before the Court.

8

Here, Plaintiff Castronuovo purports (and Defendants concede for this motion) that he did not discover the alleged infringement until three years of filing the lawsuit. Applying the discovery rule to the case at hand, for Defendants to be entitled to summary judgment on alleged acts of infringement that occurred prior to April 30, 2007, Defendants would have to demonstrate, by undisputed facts, that Plaintiff "knew or is chargeable with knowing" of those acts of infringement occurring more than three years before this lawsuit was filed. Defendants' motion fails in this aspect.[7] Accordingly, Defendants' partial motion for summary judgment is denied.

## IV. CONCLUSION

For all of the reasons stated, Defendants' motion for partial summary judgment (Docket Entry No. 64) is hereby DENIED.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

.

---

[7] For purposes of the motion for partial summary judgment, Defendants admitted "Plaintiff had no knowledge or reason to know of the Defendants' infringement of his Compositions prior to the date he first heard "Amigo Amor" on the radio on April 30 or May 1 or 2, 2007." *See* (Docket Entry No. 69 at 4, ¶ 1).

9